UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEONTA ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 1:17-cv-3857-TWP-MJD |
| DANIEL SLIGHTOM and CARLTON | ) | |
| HOWARD in their individual and | ) | |
| official capacities, the CITY OF | ) | |
| INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants Daniel Slightom, Carlton Howard, and the City of Indianapolis answer

Plaintiff's Complaint for Damages as follows:

JURISDICTION AND VENUE

1. This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, and 1988, and

Indiana state common law.

**ANSWER:**     Defendants admit that this case arises under federal law.

2. This Court has jurisdiction of this cause.

**ANSWER:**     Defendants admit that this Court has jurisdiction.

3. Venue is proper under Indiana Rule of Trial Procedure 75(A) since the cause of action arose

in Marion County, Indiana.

**ANSWER:**     Defendants admit that venue is proper under 28 U.S.C. § 1391.

PARTIES

4.   Plaintiff Deonta Ellis ("Ellis") is an African-American adult domiciled in Marion County, Indiana.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Complaint.

5.   Defendant Daniel Slightom ("Slightom") is employed as an officer with the Indianapolis Metropolitan Police Department ("IMPD"); this lawsuit is against him in his individual and official capacities.

**ANSWER:**   Defendants admit that Defendant Daniel Slightom is employed by IMPD.

6.   Defendant Carlton Howard ("Howard") is employed as an officer with the IMPD; this lawsuit is against him in his individual and official capacities.

**ANSWER:**   Defendants admit that Defendant Carlton Howard is employed by IMPD.

7.   Defendant City of Indianapolis ("City") is the actual employer of all officers of IMPD, and employed Slightom and Howard at all relevant times.

**ANSWER:**   Defendants admit that the City of Indianapolis employed Defendants Slightom and Howard at all relevant times.

FACTUAL ALLEGATIONS

8.   On 26 October 2015, Ellis was a passenger in a car on West 30th Street in Indianapolis, Marion County, Indiana.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 of Plaintiff's Complaint.

9.  Lavon Washington ("Washington") was driving the car.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 of Plaintiff's Complaint.

10. Slightom or Howard initiated a stop of Washington's car.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 of Plaintiff's Complaint.

11. Washington complied, and stopped the car.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 of Plaintiff's Complaint.

12. Slightom or Howard ordered Washington and Ellis to show their hands.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint.

13. Ellis complied with their requests.

**ANSWER:**     Defendants deny the allegations in paragraph 13 of Plaintiff's Complaint.

14. Ellis was attempting to exit the car, while showing his hands.

**ANSWER:**     Defendants deny the allegations in paragraph 14 of Plaintiff's Complaint.

15. Slightom or Howard shouted words to the effect of, "he's going for it," and the other shot him in the back.

**ANSWER:**     Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16. At the time of the shooting, neither Slightom or Howard had any probable cause to believe that Ellis had committed or was committing a crime.

**ANSWER:**     Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17. As a result of being shot, Ellis suffered personal injury and pain and suffering.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Complaint.

18. Slightom at all relevant times hereto was in full police uniform.

**ANSWER:**   Defendants admit the allegations in paragraph 18 of Plaintiff's Complaint.

19. On Ellis's information and belief, Slightom was performing his duties as an IMPD officer at all relevant times hereto.

**ANSWER:**   Defendants admit the allegations in paragraph 19 of Plaintiff's Complaint.

20. Howard at all relevant times hereto was in full police uniform.

**ANSWER:**   Defendants admit the allegations in paragraph 20 of Plaintiff's Complaint.

21. On Ellis's information and belief, Howard was performing his duties as an IMPD officer at all relevant times hereto.

**ANSWER:**   Defendants admit the allegations in paragraph 21 of Plaintiff's Complaint.

22. On Ellis's information and belief, his race factored into the decisions by Slightom and Howard to shoot him.

**ANSWER:**   Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23. As a custom, policy, or practice the City instructs its officers not to interfere with a fellow officer, even when that officer is violating the constitutional rights of a citizen.

**ANSWER:**   Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

4

24. As a custom, policy, or practice the City does not instruct its officers that they have a positive duty to prevent a fellow officer from violating the constitutional rights of a citizen.

**ANSWER:**     Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint.


25. Ellis filed a Notice of Tort Claim regarding this incident 7 April 2016.

**ANSWER:**     Defendants admit the allegations in paragraph 25 of Plaintiff's Complaint.


LEGAL ALLEGATIONS

26. At all relevant times hereto, Slightom was acting under color of state law.

**ANSWER:**     Defendants admit the allegations in paragraph 26 of Plaintiff's Complaint.


27. At all relevant times hereto, Howard was acting under color of state law.

**ANSWER:**     Defendants admit the allegations in paragraph 27 of Plaintiff's Complaint.


28. Slightom and Howard acted in concert such that each is responsible for the actions of the other.

**ANSWER:**     Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.


29. Slightom and Howard had no legally justifiable reason to shoot Ellis.

**ANSWER:**     Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint.


30. Slightom and Howard had no probable cause to shoot Ellis.

**ANSWER:**     Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.


31. Slightom's or Howard's shooting of Ellis constituted an unreasonable seizure of Ellis, violating his Fourth and Fourteenth Amendment rights, redressable pursuant to 42 U.S.C. § 1983.

**ANSWER:**     Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. Slightom's and Howard's factoring of Ellis's race into performing the acts against Ellis violated 42 U.S.C. § 1981.

**ANSWER:**     Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33. The City is liable under federal law for the Slightom's or Howard's shooting of Ellis, because it was done pursuant to a policy, custom, or practice of the City.

**ANSWER:**     Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34. The City is liable under state law for Slightom's or Howard's shooting of Ellis, since each was acting in the course of his employment for it.

**ANSWER:**     Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.     Defendants are entitled to any statutory and common-law immunity applicable to Plaintiff's claims under federal and state law, including qualified immunity.

2.     Defendants are entitled to the immunities provided by the Indiana Tort Claims Act, including those contained in Indiana Code § 34-13-3-3.


Respectfully Submitted,

*/s/ Thomas J. O. Moore*
Thomas J. O. Moore (32079-53)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Email: thomas.moore@indy.gov

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2017 a copy of the foregoing was filed electronically via the Court's system.  Service of this filing will be made on the below Registered Users via the Court's CM/ECF system.

Christopher K. Starkey
406 South Harrison Streets
Shelbyville, Indiana 46176

Respectfully Submitted,

*/s/ Thomas J. O. Moore*
Thomas J. O. Moore (32079-53)
Assistant Corporation Counsel

OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055