# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEONTA ELLIS, | ) |
|         Plaintiff, | ) |
|         v. | ) Case No. 1:17-cv-03857-TWP-MJD |
| CITY OF INDIANAPOLIS, DANIEL SLIGHTOM in his individual and official capacities, and CARLTON HOWARD in his individual and official capacities, | ) |
|         Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the City of Indianapolis ("Indianapolis"), Daniel Slightom ("Officer Slightom"), and Carlton Howard's ("Officer Howard") (collectively, the "Defendants") Motion for Summary Judgment ([Filing No. 47](Filing No. 47).) After he was shot during an encounter with Indianapolis Metropolitan Police Department officers, Plaintiff Deonta Ellis ("Ellis") filed this action in the Marion Superior Court alleging violations of 42 U.S.C. §§ 1981 and 1983 and a violation of Indiana law. After removing the case to federal court, the Defendants moved for summary judgment on all claims except the § 1983 claim against Officer Slightom. For the following reasons, Defendants' Motion for Summary Judgment is **granted**.

## I.     BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Ellis as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Ellis does not dispute any material facts alleged by Defendants.

On the evening of October 26, 2015, Ellis was a passenger in his half-brother Lavon Washington's ("Washington") vehicle. ([Filing No. 48-1 at 4](#).) Officer Slightom, on patrol near 30th Street and Kessler Boulevard in Indianapolis, Indiana, observed the vehicle drive by and ran the license plate number, discovering the plate did not match the vehicle. ([Filing No. 48-2 at 4-5](#).) Slightom activated his emergency lights to initiate a traffic stop. *Id.*

Rather than pull over immediately, Washington continued for two blocks at low speed and then pulled into the parking lot of a Speedway gas station. *Id.* at 5-6. Officer Slightom considered this two-block mini-pursuit to be irregular for a traffic stop, and he therefore radioed for backup. *Id.* at 8. Office Slightom exited his patrol car and shouted for the occupants of the vehicle to "put their hands up." *Id.* at 9. Ellis was unable to hear this specific command, but he heard the officer "scream[ing]" to "put your hands out of the car or get out of the car." ([Filing No. 48-1 at 9](#).) Officer Slightom saw the driver of the vehicle put his hands up but then put them back down. ([Filing No. 48-2 at 10](#).) Officer Slightom loudly reiterated his command for the occupants of the vehicle to put their hands up and drew his gun. *Id.* At that point, Officer Howard and another officer, Justin Toussing arrived at the gas station. *Id.* at 12. Noticing that Officer Slightom had drawn his gun, Officer Howard drew his gun and also began yelling at the occupants of the vehicle to put their hands up. ([Filing No. 48-3 at 4](#).)

Ellis exited the vehicle with the intention of laying down on the pavement beside it. ([Filing No. 48-1 at 17](#).) Shortly after he exited the vehicle and before he was able to lay on the ground, Officer Slightom shot Ellis one time. ([Filing No. 48-2 at 19-20](#).) Ellis contends he was attempting to surrender, while Officer Slightom insists he was reaching for a gun. ([Filing No. 48-1 at 17](#); [Filing No. 48-2 at 19-20](#).) After he was shot, Ellis was loaded onto a gurney by paramedics, who removed a Glock handgun from the waistband of his sweatpants. ([Filing No. 48-1 at 20-21](#).)

## II.     LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of the claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion

for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

Ellis originally asserted claims against Officers Slightom and Howard for unreasonable seizure under 42 U.S.C. § 1983 and for violation of equal rights under 42 U.S.C. § 1981, a *Monell* claim against Indianapolis because he was shot pursuant to a policy, custom, or practice of the city, and a state law claim against Indianapolis through *respondeat superior*. (Filing No. 1-1 at 3-4.) In his Response to Defendants' summary judgment motion, Ellis agrees that Officer Howard is entitled to summary judgment on all claims, that Officer Slightom is entitled to summary judgment on the 42 U.S.C. § 1981 claim, and the City of Indianapolis is entitled to summary judgment on the *Monell* claim. (Filing No. 47.) The Court **grants** summary judgment as to those claims. Officer Slightom does not move for summary judgment on the 42 U.S.C. § 1983 claim against him, therefore that claim remains pending for trial. The only claim in dispute is the state law claim against Indianapolis.

Ellis asserts that "[t]he City is liable under state law for Slightom's … shooting of Ellis, since [he] was acting in the course of his employment for it." (Filing No. 1-1 at 4.) Defendants argue in their summary judgment brief that "[t]his claim fails because Ellis has not pleaded any underlying state-law violation on the part of the officers—such as battery—that could be imputed to the City." (Filing No. 49 at 3 n. 2.) Ellis does not respond to that argument, he only remarks that what remains of his claim after summary judgment is "the federal claim against Slightom, and the state law claim under *respondeat superior* against the City." (Filing No. 52.) Because Ellis does not identify what state law Officer Slightom allegedly violated and because his summary judgment brief fails to address this issue, Indianapolis is entitled to summary judgment on that

4

claim. Therefore, Defendants' Motion for Summary Judgment is **GRANTED** as to the state law *respondeat superior* claim against Indianapolis.

## IV.     CONCLUSION

Defendants' Motion for Summary Judgment ([Filing No. 47](#)) is **GRANTED**.  All claims against Officer Howard and the City of Indianapolis are **dismissed**, as is the 42 U.S.C. § 1981 claim against Officer Slightom.  The 42 U.S.C. § 1983 claim against Officer Slightom remains to be resolved at trial.

**SO ORDERED.**

Date:  4/24/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Kenneth Starkey
STARKEY LAW OFFICES
starkeyck@msn.com

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
jfk@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP
ejm@rucklaw.com

Adam Scott Willfond
OFFICE OF CORPORATION COUNSEL
adam.willfond@indy.gov